THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ANIELLO DELLACROCE, Respondent.

Second Department, February 7, 1972.

*Eugene Gold, District Attorney (Arthur Friedman* of counsel), for appellant.

*Irving Anolik* for respondent.

SHAPIRO, J. The defendant was charged in an indictment with the crime of criminal contempt (Penal Law, § 215.50, subd. 4). The Criminal Term granted his motion to dismiss the indictment, on the authority of *People* v. *Masiello* (28 N Y 2d 287), and the People appeal.

The correctness of that determination depends upon whether the defendant, who refused to testify before a grand jury after having been advised that it had voted to confer immunity upon him, was properly informed that he had been granted full transactional immunity rather than merely testimonial immunity.

The question thus posed can best be resolved by an analysis of the recently decided cases dealing with this subject. In *People* v. *Masiello (supra),* the Grand Jury voted to grant the defendant immunity pursuant to section 619-c of the Code of Criminal Procedure. That statute provided for transactional immunity. Since the statute was not self-executing, such immunity only became operative when conferred upon a witness in language which clearly informed him of the fact that he had been granted immunity in displacement of his privilege against self incrimination. The witness could not be misadvised that he, in effect, was receiving testimonial immunity.

Masiello was advised of the Grand Jury's action as follows (p. 289): "I would like to advise you at this time that the Grand Jury and Foreman of the Grand Jury has voted to grant you immunity pursuant to section 619C of the Code of Criminal Procedure. Section 619C of the Code of Criminal Procedure is that section within the purview of the State of New York that affords witnesses immunity if given by competent authority, the competent authority in this particular case is this Grand Jury. The Grand Jury can afford you immunity in cases relating — determining as to whether or not there has been a conspiracy to violate any of the laws of the State of New York. I want to further apprise you sir, *if you are asked any questions and you are directed to give answers by the Grand Jury, any such answers — any evidence obtained or the answers themselves can not be used against you for prosecution within the State of New York* pursuant to the provisions of Section 619C" (emphasis supplied).

The defendant was thereafter asked (p. 290): "And you do understand, do you not sir, that you have immunity as from prosecution as to each and every question or your answers to

each and every question that is put to you with regard to this inquiry being conducted by this Grand Jury, do you understand that?''

The advice to the defendant was held inadequate because it indicated that he was receiving immunity only from prosecution for crimes revealed by his answers. At the very least, '' the witness who is receiving immunity should be advised that *he may not be prosecuted criminally concerning any transaction about which he might be questioned* '' (*People* v. *Masiello, supra,* pp. 293–294 [emphasis in original]).

In *People* v. *Mulligan* (29 N Y 2d 20), the defendant was advised that he had been called '' exclusively in the role of a witness '' (p. 22) and that the Grand Jury had voted to confer immunity upon him should he assert his privilege against self incrimination. After claiming the privilege, the defendant was advised that he could no longer incriminate himself and that he would receive immunity '' for whatever crimes your testimony may disclose '' (p. 23). The court noted that there was no requirement that the witness be advised of the nature of the immunity conferred in the statutory language or even through the use of the word '' transaction '' (p. 23). Instead, the question, simply put, was whether he had been advised that he would be protected from prosecution for any and all crimes which might be revealed by his testimony or to which his testimony might relate. Mulligan was given immunity as broad as the constitutional privilege against self incrimination and the court therefore held that he could not assert that privilege and refuse to testify.

In *People* v. *Tramunti* (29 N Y 2d 28), decided on the same day as *Mulligan,* the advice to the defendant of the nature of the immunity conferred was held inadequate. Tramunti was told that he could not be prosecuted for any crime as to which he was forced to testify or for any evidence '' that we are able to obtain from your lips as a result of anything you testified to which may inferentially lead to your having violated something '' (p. 29). The court concluded that the advice, which was '' almost unintelligible, fell far short of the ' full and fair notice ', to which a witness is entitled, that he was being given transactional * * * ' immunity in displacement of the privilege against self incrimination ' '' and that, instead, he '' was receiving only limited testimonial or use immunity '' (p. 29).

Contrariwise, in our case the immunity conferred was as broad as the privilege against self incrimination which it displaced. After the Grand Jury voted unanimously to confer immunity upon the defendant pursuant to section 619-c of the Code of

Criminal Procedure, the prosecutor advised him as to the nature of the immunity conferred by saying: " Q. Mr. Dellacroce, I'm going to explain to you again what immunity is. Immunity under the Code of Criminal Procedure Section 619C and D of the State of New York means this. Any matter, thing, evidence or transaction that you testify to before this Grand Jury, testify before this Grand Jury cannot be used against you in any future criminal proceeding if your answer is honest and relevant to the question posed to you and in your answer you admit to a crime you can never be prosecuted for that crime. Do you understand that, sir? A. Yes, sir. That's what they told me in New York.

"Q. Only if you answer honestly and truthfully. *There are only two exceptions to this rule after you have been granted immunity.* You can be cited for contempt, refusing to answer a question relative to the investigation or if you answer falsely, in other words, if you answer a question dishonestly or untruthfully you can be indicted for perjury. *Those are the only two exceptions, the two crimes that you can be convicted of after Grand Jury immunity. Do you understand that? A. Yes, sir* " (emphasis supplied).

The first portion of the advice given the defendant could possibly be interpreted to confer only testimonial immunity, for that statement resembles the advice given in *Masiello* that Masiello had immunity from prosecution as to his answers to the questions put to him. However, the second portion of the advice given the defendant obviated even the slightest possible misunderstanding as to the nature of the immunity conferred. It clearly negated any possibility of prosecution for any crime to which his testimony might relate, save for the statutory exceptions of perjury or contempt in failing to answer. While the advice given the defendant was not in the statutory language, I perceive " no need for such explicitness as long as the thought itself is expressed, as long as it is brought home to the witness that he has been accorded full and complete immunity " (*People v. Mulligan,* 29 N Y 2d 20, 23, *supra*) ; and that was accomplished here when the defendant was twice advised that he was amenable to answer for only two crimes, perjury or refusal to answer, *and for no other crime.*

Thus, as in *Mulligan,* the Assistant District Attorney's statements, considered reasonably and in context, adequately assured the witness that he had been granted full and complete immunity, an immunity which would protect him from prosecution for any and all crimes which might be " revealed by [his] testimony " or to which his " testimony might relate " (*People*

v. *Mulligan, supra,* p. 23). That he fully understood this is made more than evident by his answers on two occasions that he was refusing to testify, viz., "only because I have been indicted in New York; otherwise I would have answered these questions."[*]

Accordingly, the order appealed from should be reversed, on the law and the facts, the defendant's motion denied and the indictment reinstated.

MUNDER, Acting P. J., MARTUSCELLO, LATHAM and BRENNAN, JJ., concur.

Order of the Supreme Court, Kings County, dated August 2, 1971, reversed, on the law and the facts; defendant's motion to dismiss the indictment denied; and indictment reinstated.

[*] He had apparently been indicted in New York County for contempt (record on this appeal p. 14).