■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN GENTILE, Also Known as BENNY GENTILE, Also Known as MR. BENJAMIN, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered July 9, 1973, convicting him of criminal contempt, after a nonjury trial, and imposing sentence. Judgment affirmed. The case is remitted to the County Court, Westchester County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Defendant's refusal to answer questions put to him before a Grand Jury was based solely upon his privilege against self incrimination. Consequently, the fact that the Grand Jury's questioning was based upon information derived through electronic eavesdropping cannot avail him, as that ground was not raised before the Grand Jury (see *People v De Salvo*, 32 NY2d 12). In any event, his reliance upon *Gelbard v United States* (408 US 41) is misplaced, as a close reading of that case indicates that a majority of the court did not believe that the existence of court-approved wiretaps would furnish a basis for a refusal to answer a Grand Jury's questions (see, also, *United States v Calandra*, 414 US 338). We find that defendant was offered full transactional immunity in accordance with the provisions of section 619-c of the Code of Criminal Procedure (see *People v Masiello*, 28 NY2d 287; *People v Dellacroce*, 38 AD2d 210, amd 39 AD2d 740, cert den 409 US 1038). Although the prosecutor indicated that Federal transactional immunity was being offered, the prosecutor, the defendant and his attorney appeared before the court,

which properly advised defendant as to the nature of the Federal immunity which would follow his testimony under a grant of immunity. Such immunity is testimonial (see *Murphy v Waterfront Comm.* 378 US 52, 79, n 18; *Kastigar v United States,* 406 US 441, 453; *Zicarelli v New Jersey Investigation Comm.* 406 US 472). Section 619-c of the Code of Criminal Procedure requires a grant of New York transactional immunity plus whatever Federal immunity would flow therefrom (see *People v Ferro,* 66 Misc 2d 752, 757–758). As the "competent authority" authorized by that statute is New York authority (see Code Crim. Pro., § 619-c, subd 3), it follows that that authority is not required to grant full Federal transactional immunity. That is, it cannot be required to confer greater immunity than it is lawfully authorized to confer; nor can the statute be held defective for its failure to require the grant of a greater Federal immunity than the Constitution of the United States requires in order to displace the privilege against self incrimination (see *Kastigar v United States, supra).*Martuscello, Acting P. J., Latham, Cohalan and Brennan, JJ., concur.